GULJINDER SUMMAN (all in pro per)
INDERJIT SUMMAN
SATNAM SUMMAN
SURINDER SUMMAN,
Dba MORGAN HILL
DISCOUNT CLEANERS
16990 MONTEREY RD STE 130
MORGAN HILL CA  95037-5150
408-776-9915

In Pro Per

FILED

2007 JUN 28  A  9: 55

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNLIMITED JURISDICTION

| | |
|---|---|
| CELIA HEREDIA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GULJINDER SUMMAN, an individual,<br>INDERJIT SUMMAN, an individual,<br>SATNAM SUMMAN, an individual,<br>SURINDER SUMMAN, an individual,<br>Dba MORGAN HILL DISCOUNT<br>CLEANERS and DOES 1-10, inclusive<br><br>Defendants. | CASE No.: C-07-02714 PVT<br><br>UNVERIFIED ANSWER |



Comes now Defendants GULJINDER SUMMAN, an individual, INDERJIT SUMMAN, an individual, SATNAM SUMMAN, an individual, SURINDER SUMMAN, an individual, dba MORGAN HILL DISCOUNT CLEANERS ("Defendants"), answer the Amended Complaint filed by CELIA HEREDIA ("Plaintiff), as follows:

1.    Paragraph 1 of the Amended Complaint consists entirely of legal conclusions to which no response is required.  To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

2.    Paragraph 2 of the Amended Complaint consists entirely of legal conclusions to which no response is required.  To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

3.    Paragraph 3 of the Amended Complaint consists entirely of legal conclusions to which no response is required.  To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

4.    Defendants lack personal knowledge to admit or deny the allegations in Paragraph 4 and on that basis, deny them.

5.    Defendants admit the allegations contained in Paragraph 4.

6.    In response to Paragraph 6, Defendants admit the allegations contained in Paragraph 4. ???

7.    In response to Paragraph 7, Defendants admit that they are either employees or part-owners of MORGAN HILL DISCOUNT CLEANERS.  The remaining allegations are incomprehensible and therefore no response is required.

8.    In response to Paragraph 8, Defendants admit that Plaintiff HEREDIA ("Plaintiff") was an employee of a "doing business as" entity named MORGAN HILL DISCOUNT CLEANERS.

2
**Answer**

Case No. C-07-02714

9.   In response to Paragraph 9, Defendants admit that Plaintiff was an employee acting in the course and scope of her managerial duties with Defendants but state so without any reference to any time period.

10.   In response to Paragraph 10, Defendants deny that Plaintiff regularly worked in excess of 8 hours in one day and/or 40 hours in one week.

11.   In response to Paragraph 11, Defendants agree that they paid Plaintiff on a salary basis.

12.   Paragraph 12 of the Amended Complaint consists entirely of legal conclusions to which no response is required.  To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

13.   Paragraph 13 of the Amended Complaint consists entirely of legal conclusions to which no response is required.  To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

14.   Paragraph 14 of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.  With respect to the subsections in Paragraph 14, Defendants deny the allegations.

15.   In response to Paragraph 15 of the Amended Complaint, Defendants re-allege and reaffirm their responses to Paragraphs 1 through 14 of the Amended Complaint.

16.   Paragraph 16 of the Amended Complaint consists entirely of legal conclusions to which no response is required.  To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

17.   In response to Paragraph 17 of the Amended Complaint, Defendants deny the allegations within.

3

**Answer**

18.     Paragraph 18 of the Amended Complaint consists entirely of legal conclusions to which no response is required.  To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

19.     In response to Paragraph 19 of the Amended Complaint, Defendants deny the allegations within.

20.     In response to Paragraph 20 of the Amended Complaint, Defendants deny the allegations within because they do not believe they "owe" the amounts alleged.

21.     Paragraph 21 of the Amended Complaint consists entirely of legal conclusions to which no response is required.  To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

22.     Paragraph 22 of the Amended Complaint consists entirely of legal conclusions to which no response is required.  To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

23.     In response to Paragraph 23 of the Amended Complaint, Defendants re-allege and reaffirm their responses to Paragraphs 1 through 22 of the Amended Complaint.

24.     Paragraph 24 of the Amended Complaint consists entirely of legal conclusions to which no response is required.  To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.  More specifically, Defendants deny that they are liable under the Fair Labor Standards Act of 1938 as alleged in Plaintiff's Amended Complaint.

25.     Paragraph 25 of the Amended Complaint consists entirely of legal conclusions to which no response is required.  To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

4

**Answer**

Case No. C-07-02714

26.     In response to Paragraph 26 of the Amended Complaint, Defendants deny the allegations within.

27.     Paragraph 27 of the Amended Complaint consists entirely of legal conclusions to which no response is required. To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

28.     In response to Paragraph 28 of the Amended Complaint, Defendants deny the allegations within.

29.     In response to Paragraph 29 of the Amended Complaint, Defendants deny the allegations within.

30.     In response to Paragraph 30 of the Amended Complaint, Defendants deny the allegations within.

31.     Defendants lack personal knowledge to admit or deny the allegations in Paragraph 31 and on that basis, deny them.

32.     In response to Paragraph 32 of the Amended Complaint, Defendants re-allege and reaffirm their responses to Paragraphs 1 through 31 of the Amended Complaint.

33.     In response to Paragraph 33 of the Amended Complaint, Defendants deny the allegations within.

34.     Paragraph 34 of the Amended Complaint consists entirely of legal conclusions to which no response is required. To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

35.     Paragraph 35 of the Amended Complaint consists entirely of legal conclusions to which no response is required. To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

**Answer**

Case No. C-07-02714

36.     Paragraph 36 of the Amended Complaint consists entirely of legal conclusions to which no response is required.  To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

37.     Paragraph 37 of the Amended Complaint consists entirely of legal conclusions to which no response is required.  To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

38.     In response to Paragraph 38 of the Amended Complaint, Defendants re-allege and reaffirm their responses to Paragraphs 1 through 37 of the Amended Complaint.

39.     Paragraph 39 of the Amended Complaint consists entirely of legal conclusions to which no response is required.  To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

40.     Paragraph 40 of the Amended Complaint consists entirely of legal conclusions to which no response is required.  To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

41.     In response to Paragraph 41 of the Amended Complaint, Defendants deny the allegations within.

42.     Paragraph 42 of the Amended Complaint consists entirely of legal conclusions to which no response is required.  To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

43.     Paragraph 43 of the Amended Complaint consists entirely of legal conclusions to which no response is required.  To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

44.     In response to Paragraph 44 of the Amended Complaint, Defendants deny the allegations within but admit that they were aware of State and Federal wage and hour laws.

**Answer**

Case No. C-07-02714

45. Defendants lack personal knowledge to admit or deny the allegations in Paragraph 45 and on that basis, deny them.

46. In response to Paragraph 46 of the Amended Complaint, Defendants re-allege and reaffirm their responses to Paragraphs 1 through 45 of the Amended Complaint.

47. Paragraph 47 of the Amended Complaint consists entirely of legal conclusions to which no response is required. To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

48. Paragraph 43 of the Amended Complaint consists entirely of legal conclusions to which no response is required. To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

49. In response to Paragraph 49 of the Amended Complaint, Defendants deny that they failed to provide adequate pay statements.

50. In response to Paragraph 50 of the Amended Complaint, Defendants deny that they intentionally and with full knowledge failed to provide adequate pay statements.

51. Defendants lack personal knowledge to admit or deny the allegations in Paragraph 51 and on that basis, deny them.

52. Paragraph 52 of the Amended Complaint consists entirely of legal conclusions to which no response is required. To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

53. Defendants lack personal knowledge to admit or deny the allegations in Paragraph 53 and on that basis, deny them.

54. Paragraph 54 of the Amended Complaint consists entirely of legal conclusions to which no response is required. To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

**Answer**
Case No. C-07-02714

55.    Paragraph 55 of the Amended Complaint consists entirely of legal conclusions to which no response is required. To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

56.    Paragraph 56 of the Amended Complaint consists entirely of legal conclusions to which no response is required. To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

57.    Paragraph 57 of the Amended Complaint consists entirely of legal conclusions to which no response is required. To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

58.    Paragraph 58 of the Amended Complaint consists entirely of legal conclusions to which no response is required. To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

59.    Paragraph 59 of the Amended Complaint consists entirely of legal conclusions to which no response is required. To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

60.    Paragraph 60 of the Amended Complaint consists entirely of legal conclusions to which no response is required. To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

61.    Paragraph 61 of the Amended Complaint consists entirely of legal conclusions to which no response is required. To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

62.    Paragraph 62 of the Amended Complaint consists entirely of legal conclusions to which no response is required. To the extent that a response thereto is deemed necessary, Defendants deny the allegations within.

8

**Answer**

63.     Defendants deny all the allegations in the Amended Complaint not specifically admitted herein.

In addition to and without in any way limiting any of the above responses to the allegations contained in the Amended Complaint, and without affecting the burden of proof thereon, Defendants assert the following specific defenses thereto, without prejudice to its right to assert all applicable defenses to each and every cause of action therein.

### FIRST AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that the Amended Complaint, and each cause of action therein, fail to state facts sufficient to constitute any cause of action.

### SECOND AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that the Amended Complaint, and each cause of action therein, is barred by the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that the Amended Complaint, and each cause of action therein, is barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that Plaintiff, if injured, failed to mitigate some or all of her alleged damages and is therefore barred from recovering any avoidable loss.

### FIFTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that Plaintiff is barred from obtaining relief by the doctrine of unclean hands.

9
**Answer**

Case No. C-07-02714

## SIXTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that the Amended Complaint, and each cause of action therein, is barred by the applicable statutes of limitations, including but without limitation those set forth in California Code of Civil Procedure sections 337, 338, 339, 340, and 343, and such others as may be applicable based upon evidence and information developed through discovery.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that if it is held in any way at fault or liable, under any legal theory, for the injuries and damages, if any, caused to Plaintiff, that Plaintiff herself was negligent, or otherwise at fault or liable, and Defendants pray that any damages awarded to Plaintiff be diminished in proportion to the degree of fault attributable to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that Plaintiff is barred from obtaining relief because the injuries and damages allegedly sustained by Plaintiff, if any, were legally caused by the intervening and superseding actions of others, which intervening and superseding actions bar or diminish Plaintiff's recovery, if any, against Defendants.

## NINTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that Plaintiff's damages, if any, were actually and legally caused, in whole or in part, by the negligence or other fault of third parties, persons, corporations, or entities, and, by reason thereby, Plaintiff's alleged injuries and damages, if any, should be reduced according to the proportion of comparative fault attributable to said third parties, persons, corporations, or entities.

10

**Answer**

Case No. C-07-02714

## TENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that if Plaintiff suffered damages or injury as referred to in the Amended Complaint, such damage and injury, if any, was the result of the sole, primary, affirmative, and active negligence and/or fault of other unnamed persons or entities not presently known to Defendants, and that Defendants are thereby entitled to full indemnity and contribution from them.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that Defendants' acts, as they pertain to the allegations contained in the Amended Complaint, were reasonable, privileged, justified, lawful, and undertaken in good faith compliance with all applicable laws, statutes, regulations, and contractual obligations.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that Plaintiff is barred from obtaining relief because any duty or obligation allegedly owed to Plaintiff, contractual or otherwise, has been fully performed, satisfied, excused, and/or discharged.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that they have performed all conditions, covenants, and promises required to be performed in accordance with the terms and conditions of any contract alleged by the Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that to the extent performance was required by Defendants, said performance was subject to conditions precedent and/or subsequent, which conditions failed without any responsibility by Defendants.

**Answer**

Case No. C-07-02714

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that to the extent that the allegations contained in the Amended Complaint are based on an alleged oral contract or an implied contract, the Complaint is subject to the Statute of Frauds, California Civil Code Section 1624, and thereby barred.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that to the extent that Plaintiff has failed to perform all of its obligations and to satisfy all of the conditions contained in the contract(s) alleged in the Amended Complaint, Plaintiff's action is barred, in whole or in part.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that some or all of the claims alleged in the Amended Complaint are subject to setoff, offset, and/or recoupment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that there is no causal connection between the damages alleged in the Amended Complaint and any act or omission attributable to Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that each and every act or omission Defendants are alleged to have performed or failed to perform was consented to by Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that each and every act or omission Defendants are alleged to have performed or failed to perform was privileged.

12
**Answer**

Case No. C-07-02714

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that Plaintiff would be unjustly enriched by the relief sought in the Amended Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that Plaintiff is barred from obtaining relief for the causes of action stated in the Amended Complaint because the Amended Complaint was brought without probable cause and in bad faith, and entitles Defendant to attorneys' fees and costs pursuant to California Code of Civil Procedure section 128.7, as well as the applicable Labor Code 218.5.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that Plaintiff is barred from obtaining relief for the causes of action stated in the Amended Complaint because Plaintiff brings such causes of action in bad faith and in an attempt to restrain legitimate employment rights and/or business practices of Defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that the Amended Complaint, and each cause of action therein, fails to state facts sufficient to constitute a claim for punitive or exemplary damages against Defendants and the punitive damages sought by Plaintiff are unconstitutional under the California Constitution and the United States Constitution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that the Amended Complaint, and each cause of action therein, fails to state any claim for unpaid wages or overtime because Plaintiff was exempt as defined by the Fair Labor Standards Act.

13

**Answer**

Case No. C-07-02714

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that the Amended Complaint, and each cause of action therein, fails to state any claim for unpaid wages or overtime because Plaintiff was exempt as defined by the California Labor Code.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that the Amended Complaint fails to state any claim for any damages under California Business and Professions Code 17200 because Plaintiff has not "suffered injury in fact."

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that the Amended Complaint fails to state any recoverable amount of wages claimed for any damages under California Business and Professions Code 17200 because Plaintiff cannot recover anything more than restitutionary relief under B&P 17203.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that the Amended Complaint fails to state any recoverable amount of wages claimed for any damages under California Business and Professions Code 17200 because Plaintiff had unclean hands.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that the Amended Complaint, and each cause of action therein, fails to state any claim for any damages under California Labor Code 200 et seq, or Labor Code 203 for waiting time penalties because there is a dispute as to wages owed Plaintiff.

14

**Answer**

Case No. C-07-02714

## THIRTIETH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that the Amended Complaint, and each cause of action therein, fails to state any claim for any damages under California Labor Code 200 et seq, or Labor Code 203 for waiting time penalties because Defendants in good faith believed no wages were due and are therefore protected by 8 Cal.C.Regs. § 13520.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that the Amended Complaint fails to state any claim for damages under California Labor Code 226 because Plaintiff suffered no actual damages as a result of any alleged violation of California Labor Code 226.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that the Amended Complaint fails to state any claim for the damages sought under California Labor Code 226 because any alleged violation of California Labor Code 226 is limited to 4,000 dollars.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that the Amended Complaint fails to state any claim for the damages sought under California Labor Code 226 because no request to inspect or copy her payroll records was made by Plaintiff.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses. Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

15

**Answer**

Case No. C-07-02714

1    WHEREFORE, Defendants pray:

2    1.    That Plaintiff takes nothing by her Amended Complaint and this action be dismissed

3    in its entirety with prejudice;

4    

5    2.    That Plaintiff recovers no costs or attorneys' fees and that Defendants be awarded

6    their costs and attorneys' fees of suit herein;

7    3.    That the Court use its discretion to grant no remedy under B&P 17203;

8    4.    That Defendants be awarded reasonable attorneys' fees pursuant to California Labor

9    Code section 218.5 and Business and Professions Code section 17200; and

10    

11    5.    That Defendants be awarded such other and further relief as the Court deems proper.

12    

13    Respectfully submitted:

14    

15    Date: June 27, 2007

GULJINDER SUMMAN, in pro per

16    

INDERJIT SUMMAN, in pro per

17    

SATNAM SUNNAM, in pro per

18    

19    

SURINDER SUMMAN,
dba MORGAN HILL
20    DISCOUNT CLEANERS
In pro per

21    

22    

23    

24    

25    

26    

27    

28    

16
**Answer**

Case No. C-07-02714

CERTIFICATE OF SERVICE

I declare that:

  I am and was at the time of service of the papers herein a resident of the State of California and over the age of eighteen years and am not a party to this action; my business address is PO Box 111351, Campbell, California 95011.  On **June 28, 2007**, I caused to be served the following documents(s):

1.   **UNVERIFIED ANSWER**

[ X ] BY MAIL: (CCP 1013 and 1013a)

  [ X ]  By placing the documents(s) listed above for **FIRST CLASS MAIL** delivery in a sealed envelope, addressed as set forth below, and placing the envelope for collection and mailing in the place designated for such in our offices, following ordinary business practices thereof to:

Attn: James Dal Bon
Dal Bon and Wang
12 South First St.
Suite #613
San Jose, CA 95113


I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

   [ ]  By placing a copy thereof for delivery by **OVERNIGHT EXPRESS** (CCP 1013c and d) to the following address:

[  ]  BY FACSIMILE: (CCP 1013e and f): from fax number 415-986-8054 to the fax numbers listed on the attached mailing list.  The facsimile machine I used complied with Rule 2008 and no error was reported by the machine.

[  ]  BY PERSONAL SERVICE: I hand-delivered the documents described above to PERSON'S NAME at ADDRESS on TIME AM PM.

I declare under the penalty of perjury under the laws of the State of California and federal law that the foregoing is true and correct.  Executed on **June 28, 2007** at San Jose, California.


Matthew Rafat

17

**Answer**

Case No. C-07-02714