LAW OFFICE OF MATTHEW RAFAT
MATTHEW M. RAFAT, (Bar No. 221577)
P.O. Box 111351
Campbell, California 95011
Telephone: (408) 871-2899
Facsimile: (408) 295-3391

Attorney for all Defendants


Dal Bon and Wang
JAMES DAL BON (SBN 157942)
12 S. 1st St. #613
San Jose, CA 95113

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELIA HEREDIA,<br><br>         Plaintiff,<br><br>         v.<br><br>GULJINDER SUMMAN, INDERJIT SUMMAN, SATNAM SUNNAM, AND SURINDER SUMMAN, dba MORGAN HILL DISCOUNT CLEANERS and DOES 1-10,<br><br>         Defendant. | CASE NO. C 07-02714<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>**[FRCP 26(a)]** |

Pursuant to Local Rule 16-9, Plaintiff Celia Heredia and Defendants Gurjinder Summan, Inderjit Summan, Satnam Sunnam, and Surinder Summan dba Morgan Hill Discount Cleaners ("Defendants") hereby jointly provide the following case management statement and proposed scheduling order in this action. The parties will appear at the rescheduled case management conference on September 4, 2007 at 2:00PM.

-1-
JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
CASE NO. C 07-02714

# DESCRIPTION OF THE CASE

1. <u>Brief Description of the Events Underlying The Action</u>

<u>PLAINTIFF contends</u>: Plaintiff Heredia is a former employee of Morgan Hill Discount Cleaners. This is a simple wage and hour case. The Plaintiff claims that she worked unpaid overtime.

<u>DEFENDANTS contend</u>: Defendants are a small, family-owned business. They are Sikh immigrants who run a dry-cleaning operation. Defendants contend that Plaintiff was paid for all hours worked. In fact, when Plaintiff asked for more money, Defendants paid her more than what was required. Even when Plaintiff did not work forty hours per week, Defendants paid her as if she had worked full time. Even if all exemptions, payments, and defenses are ignored, at most, Defendants believe that Plaintiff did not worked the number of hours she claims. Plaintiff is alleging numerous technical violations and is claiming thousands of dollars in damages. Defendants deny all claims against them.

2. <u>Principal Factual Issues Which The Parties Dispute:</u>
    a. Whether Plaintiff worked the number of hours of overtime she is claiming.
    b. Whether Plaintiff was paid for all hours worked.

3. <u>Principal Legal Issues Which The Parties Dispute:</u>
    a. Whether some or all of Plaintiff's claims are barred by an exemption.
    b. Whether Plaintiff is entitled to the elements of damages alleged.
    c. Whether Plaintiff is entitled to any relief under B&P 17200, given that the claim is redundant.

4. <u>Other factual issues</u> [e.g. Service of process, personal jurisdiction, subject matter jurisdiction or venue]: None.

5. <u>Parties who have not been served and the reason</u>: None.

6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder: None.

6a.   Contemplated Motions: Defendant does not contemplate filing any motions until trial, but may bring a motion to compel discovery responses. Plaintiff anticipates that she will file a Summary Judgment Motion. Defendant may also file a motion for summary judgment, or in the alternative, summary adjudication.

**CONSENT TO MAGISTRATE JUDGE FOR TRIAL**

7.   All parties consent to assignment of this case to a United States Magistrate Judge for *jury* trial:

   __X__ Yes      ____ No

**DISCLOSURES**

8.   The parties certify that they have made the following disclosures pursuant to Federal Rules of Civil Procedure, Rule 26(a)(1), and Local Rule 16-5:

Defendants recently hired counsel on August 22, 2007. Defendants will submit their disclosures as soon as possible and before the CMC. Plaintiff indicated that she would produce her disclosures before the CMC.

**ALTERNATIVE DISPUTE RESOLUTION**

9.   The parties have already been assigned to the following court ADR process:

None.

10.  The ADR process to which the parties jointly request referral:

Defendant requests early settlement conference with a magistrate judge. However, Defendants are open to an ENE or hybrid ENE / Mediation. Plaintiff requests mediation. A Notice of Need for ADR Conference may be filed if an agreement is not reached before the CMC.

**DISCOVERY**

11.  The parties agree to the following discovery plan:

| Discovery / Law & Motion Matters | To Be Completed By |
|---|---|
| Completion of all non- expert discovery (*see* Civ. L.R. 26-5) | June 31, 2008 |
| Plaintiffs' disclosure of expert identities, resumes, | July 31, 2008 |

-3-
JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
CASE NO. C 07-02714

| | |
|---|---|
| final reports and all other matters required by Fed. R. Civ. P. 26(a)(2) | |
| Defendants' disclosure of expert identities, resumes, final reports and all other matters required by Fed. R. Civ. P. 26(a)(2) | August 20, 2008 |
| Completion of expert discovery (*see* Civ. L.R. 26-5) | September 31, 2008 |
| Deadline for hearing on motion for summary judgment/summary adjudication | September 31, 2008 |

Parties agree to the following: a limitation of the following: Maximum of five depositions (5) by Plaintiff and four (4) by each Defendant.

Parties agree that each side will have twenty (20) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).  26(a)(3) disclosures must be made 45 days before trial.

## TRIAL SCHEDULE

12. <u>The parties request a trial date as follows</u>:

    No earlier than November 30, 2008, or as soon thereafter as may be convenient to the Court.

13. <u>The parties expect that the trial will last for the following number of days</u>:

    Defendant requests five to seven days.  Defendant demands a jury trial.

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

Dated: August 22, 2007          DAL BON AND WANG

                                By:_____
                                    JAMES DAL BON
                                    Attorneys for Plaintiff

Dated: August __, 2007          LAW OFFICE OF MATTHEW RAFAT

                                By:_____
                                    MATTHEW M. RAFAT
                                    Attorney for all Defendants

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _____, 2007    _____
                                Honorable Magistrate Patricia Trumbull
                                Magistrate Judge of the United States
                                District Court, Northern District